UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George C. McCullough, ) | C/A No. 8:07-2104-GRA-WMC |
|                        Plaintiff, ) | |
| vs. ) | **Report and Recommendation** |
| United States of America, ) | |
|                        Defendant. ) | |
| _____) | |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (Entry 3). The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff is a resident of Anderson, South Carolina. He has filed a Complaint, a Motion to Proceed *in forma pauperis*, and several other documents with this Court. (Entries 1, 3-7). In the Complaint, Plaintiff claims that the United States is responsible for certain mental, physical, and social problems that he alleges have troubled him for at least 20 years. Complaint, at 8 ("As a result I've for twenty years been rendered physically impaired, performing major life activities on a day to day basis has been substantially limited."). Plaintiff alleges that the United States is responsible for his problems because Plaintiff was allegedly operated on by unnamed federally employed medical personnel at an undisclosed federally owned/managed location in 1978 (29 years ago), and that radio transmitters and toxic substances were placed inside his body during that surgery. He also claims that his attempts to obtain "justice" have been obstructed by unnamed federal officials and

employees of the United States in violation of his federal constitutional rights, citing to both 42 U.S.C. § § 1983, 1985.[1]

Plaintiff alleges that he contacted "law enforcement officers" to report "incidents" between 1991 and 1998, that he also contacted unnamed officials or employees in the Justice Department about "a formal complaint . . . filed with it against the United States on February 1, 2003 addressing these same incidents," and that he filed an unsuccessful action in the Federal Court of Claims at some point during a period of time between 1998 and 2000. Complaint, at 10. However, Plaintiff does not provide any copies of any of the documents, claims, or notifications he allegedly made to various unnamed persons between 1991 and 2003, nor does he name any or employee as a Defendant. The sole named Defendant in this case is "United States," and Plaintiff has not named any particular person, such as a medical provider, federal law enforcement or judicial official, or any other federal agent, officer, or employee, as a Defendant in this case. Furthermore, Plaintiff clearly does not allege that he ever filed a Standard Form 95, as required in order to exhaust any viable Federal Torts Claim Act (FTCA) claim, with any federal agency within two (2) years of his discovery of the alleged injuries twenty (20) years ago, nor does he assert that he was somehow prevented from filing such a claim document with the appropriate federal agency. Plaintiff seeks damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Section 1985 addresses a conspiracy among state actors to deprive a citizen of federal rights.

2

pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, _ U.S. _, _ S. Ct. _, _ L.Ed.2d _, 2007 WL 1582936 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[2]  Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Initially, to the extent that Plaintiff's Complaint can be liberally construed as one seeking recovery for alleged federal constitutional or statutory violations by unnamed federal officers, agents, or employees under 42 U.S.C. § 1983 (referred to as the *Bivens* Doctrine where federal officials/employees are involved) or the federal equivalent of § 1985,[3] the Complaint filed in this case is subject to summary dismissal because Plaintiff has not named a proper Defendant. The United States is not a proper *Bivens* defendant. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *See U. S. v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to a *Bivens* suit against it or against one of its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Since Plaintiff has not named any particular federal official or employee who allegedly personally and individually participated in a violation of his federal constitutional or statutory rights as a Defendant, no viable *Bivens* claim is stated in this case.

Additionally, even if such an individual Defendant or Defendants were named in this case, it appears from the face of the Complaint that any potential *Bivens* claim that Plaintiff might have based on his twenty year-old personal injuries or on his over five year-old failed attempt to assert a Court of Claims action would be barred by the applicable three-year statute of limitations. *See Chin v. Bowen*, 833 F.2d 21 (2d Cir. 1987) (applying state statute

---

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

4

of limitations for personal injury action to *Bivens* claim); *see also* S.C. Code Ann. § 15-3-530(5); *Simmons v. S. C. State Ports Auth.*, 694 F.2d 64 (4th Cir. 1982)(citing to previous version of statute). Since Plaintiff specifically states that he has known about his alleged injuries for twenty years, he would have had to file any *Bivens* claim against any responsible individual federal official or employee based on those injuries by 1990 in order for it to be timely.

Furthermore, to the extent that Plaintiff's Complaint can be construed as an attempt to state a FTCA claim against the United States based on negligence of unnamed federal employees, officials, or agents that resulted in the personal injuries of which Plaintiff complains, the Complaint is also subject to summary dismissal. Although the "United States" is the proper Defendant in a FTCA case because the United States has waived its sovereign immunity in the limited area of negligence-based personal injury action, an injured party may sue the United States for damages allegedly caused by a federal agency, officer, or employee only in specific and limited circumstances.[4] Such specific and limited circumstances are not shown under this Complaint because there is no indication that Plaintiff complied with FTCA pre-suit requirements in a timely fashion prior to filing this lawsuit. *See Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975).

For example, within two years of the discovery of the subject personal injuries, an administrative claim must be filed on the "Standard Form 95" with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 U.S.C. § 2401 (administrative claim must be filed "within 2 years after such claim accrues");

---

[4] *See* 28 U.S.C.§ 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *U. S. v. Kubrick*, 444 U.S. 111, 117-18 (1979).

28 C.F.R. § 14.2 (references standard form 95 and methods of presentation of claim to applicable agency).  Also, the burden is on the plaintiff in a FTCA case to prove that he/she completed all the conditions precedent to filing a lawsuit.  *Kielwien v. U. S.*, 540 F.2d 676, 679 (4th Cir. 1976).  As previously stated, Plaintiff's Complaint makes no mention of the filing of any timely and statutorily proper administrative claim based on his allegations of personal injuries with any federal agency prior to the filing of this lawsuit.

Because he claims that he has been aware of his alleged injuries for over twenty years, in order to be a timely claim under the FTCA, any administrative claim would have had to have been filed at least eighteen years ago or in 1989.  As a result, even if Plaintiff had attempted to file an appropriate FTCA administrative claim with federal law enforcement officials between 1998 and 2000, the Department of Justice in 2003, or with the Court of Claims in 2006, any such administrative claim would have been untimely and, thus, would not have satisfied the FTCA's pre-suit requirements.  Since the Complaint does not contain information showing that Plaintiff strictly complied with the requirements of 28 U.S.C. § 2675[5] and other relevant conditions precedent, any potential FTCA claim in this case is

---

[5] Section 2675 states:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(continued...)

barred. *See generally* Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28 U.S.C.A. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit under Federal Tort Claims Act*, 73 A.L.R.Fed. 338 (2004). Finally, because there do not appear to be any other potentially viable federal legal claims evident from the face of the Complaint, this entire case should be summarily dismissed.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 26, 2007

Greenville, South Carolina

---

[5](...continued)
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.
>
> (c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).