UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| George C. McCullough, ) | |
| ) | C/A No. 8:07-2104-GRA-WMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed July 26, 2007. The magistrate has treated Plaintiff's claim as a *Bivens* action. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process. Plaintiff also filed a Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. 15(a), and filed on August 24, 2007. Therefore, the Court will address Plaintiff's Objections to the Report and Recommendation and Plaintiff's Motion to Amend the Complaint.

**I.     Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

1

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

2

Plaintiff filed objections to the Report and Recommendation on August 7, 2007.

## II.     Plaintiff's Objections to the magistrate's Report and Recommendation

Plaintiff first asks the Court to strike the magistrate's Report and Recommendation on the basis that Magistrate Judge Cato was bias. Essentially, Plaintiff's claims of bias or prejudice are based on the adverse judicial ruling that Magistrate Judge Catoe imposed by recommending dismissal of Plaintiff's Complaint. The Supreme Court stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (U.S.1994) (citation omitted). Moreover, Plaintiff has not "submitted sufficient evidence to show bias on the part of the magistrate judge. On the contrary, this Court finds that the magistrate judge has carefully considered the arguments of the [plaintiff] and the government in order to arrive at a fair and impartial decision." *Rosepiler v. U.S.*, 2001 WL 34396989, *4 (N.D. W. Va. 2001) (unpublished). As such, the Court finds that Plaintiff's claims of bias are without merit.

Plaintiff also objects to the magistrate's determination that Plaintiff's *Bivens* action is time barred. Objections, p. 3. Specifically, Plaintiff claims that Judge Catoe "has not taken into account that the actions of the defendants are unto this date current and continuing." *Id.* The magistrate concluded that "any potential *Bivens* claim that Plaintiff might have based on his twenty year-old personal injuries or on his over five year-old failed attempt to assert a Court of Claims action would be barred by the applicable three-year statute of limitations." Report and Recommendation, p. 4.

This Court agrees with the magistrate's conclusion.

Federal courts generally apply the applicable state statute of limitations to a *Bivens* claim. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985) *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-85 (2004). In South Carolina, the applicable statute of limitations for personal injury cases is three years. *See* S.C. Code Ann. § 15-3-530(5) (statute of limitations for personal injuries is three years). Plaintiff asserted in his Complaint that the alleged injuries occurred between March 17, 1978 and April 1, 1978. Complaint, p. 10. As the magistrate noted, Plaintiff claimed that he has known of these alleged injuries for over twenty years. Therefore, Plaintiff's Complaint is barred by the applicable statute of limitations, and his objection is without merit.

Plaintiff objects to the magistrate's conclusion that the United States is not a proper defendant in a *Bivens* action. Plaintiff argues that "as of my right to amend, the defendant can be properly named upon the court's allowance for an amendment to the original complaint before a response is made by a respondent/appellee." Objections, p. 3 (citing Fed. R. Civ. P. 15(a)). In construing this objection liberally, it appears the Plaintiff is arguing that his current Motion to Amend the Complaint, filed on August 24, 2007 and naming several additional defendants, makes his original Complaint a proper *Bivens* action. However, this Court is of the opinion that the magistrate correctly dismissed the original Complaint. "The *Bivens* doctrine allows constitutional claims against federal officials, in their individual capacities, for actions

taken under color of federal law. . . . But the availability of that doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities." *McCloskey v. Mueller* 446 F.3d 262, 271 -272 (1st Cir. 2006) (citations omitted). Plaintiff's original Complaint listed the United States as the sole defendant. *See* Complaint, p. 1. As such, Plaintiff's objection is without merit.

Finally, Plaintiff objects to the magistrate's interpretation of the Complaint as one made under the Federal Tort Claims Act (FTCA). Objections, p. 4. However, the Court believes that this objection is also without merit. In liberally construing the pleadings, the magistrate reviewed the Complaint as a violation of *Bivens*, and in the alternative, as a claim against the United States under the FTCA. The magistrate concluded that even if the Court construed Plaintiff's Complaint as an FTCA claim, it would still be subject to dismissal, since Plaintiff failed to submit any evidence establishing that he complied with the prerequisites for filing an FTCA claim, pursuant to 28 U.S.C. § 2675. Report and Recommendation, p. 5-6. Furthermore, Plaintiff failed to established that he filed an administrative claim within the applicable two-year statute of limitations for FTCA claims. *Id.* (citing 28 U.S.C. § 2401). This Court finds that the magistrate properly dismissed the Complaint on these grounds.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety. As a result, the Plaintiff's

Complaint is DISMISSED without prejudice and without issuance of service of process.

### III.     Plaintiff's Motion to Amend the Complaint

Plaintiff seeks to amend his Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.   As the Supreme Court stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave should, as the rules require, be "freely given."

*Foman v. Davis*,371 U.S. 178, 182 (1962).  Consequently, if one of these reasons exist, the motion to amend will be denied.  After reviewing Plaintiff's Motion to Amend and the Amended Complaint, this Court has decided to deny the motion, because the proposed amendment would be futile.

Plaintiff's Amended Complaint would add thirty-nine (39) additional defendants to his Complaint.  *See* Complaint p. 1-2.  The parties include former President Jimmy Carter and President George W. Bush, as well as several national and local private corporations, and twenty-one (21) other Defendants identified in the Amended Complaint as "John Doe," "Jane Doe," "Bert Boe," "Carla Coe," "Donald Doe", etc. In liberally construing the proposed Amended Complaint, the Court notes that these individuals appear to be employees of the federal government, with the exception of Tommy Toe, Vince Voe, William Woe, and Bert Boe, who are employees of the defendants Bi-Lo, Winn Dixie Stores, Inc., and Ingles Markets, Inc.  *See* Complaint,

p.12. As previously stated, Plaintiff's *Bivens* action is time barred. Therefore, the Amended Complaint would be legally futile, since the statute of limitations would bar any claims against these additional defendants as well. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied.")

Further, the addition of former President Carter and President Bush would be futile, "because it is clear from the complaint that [Plaintiff is] suing the President[s] in [their] official capacity." *Dyer v. United States*, No. 05-35110, 2006 WL 92997, at *1 (9th Cir. 2006) (citing *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.")). The addition of the private corporations to the Amended Complaint would also be futile, because private corporations are not proper defendants in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) (refusing to extend *Bivens* to allow actions against private entities).

Finally, in construing this Complaint as a claim against the United States based on the negligence of federal employees or federal agencies under the FTCA, Plaintiff's Amended Complaint would be futile because, as previously stated, Plaintiff has failed to show that he filed an administrative claim with the appropriate federal agency prior to filing his action in district court. *See* 28 U.S.C. § 2675. Accordingly, the Court denies Plaintiff's Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. 15(a).

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 11 , 2007
Anderson, South Carolina

### NOTICE OF APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.